UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Black Mountain Equities, Inc.,**<br><br>            **Plaintiff,**<br><br>      v.<br><br>**Advanced Cell Technology, Inc.,**<br><br>            **Defendant.** | 11 Civ. 07305<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF ADVANCED CELL TECHNOLOGY, INC.** |

Defendant Advanced Cell Technology, Inc. ("Defendant"), by and through the undersigned, hereby answers the Complaint of Black Mountain Equities, Inc. ("Plaintiff"), filed on October 17, 2011 (the "Complaint"), as follows

## INTRODUCTION

1.      Defendant denies the allegations in Paragraph 1 of the Complaint, except admits that BME made a cashless exercise of warrants on August 31, 2011 by delivering a Notice of Exercise to the Defendant, admits that the price of Advanced Cell stock has declined since August 31, 2011 and refers Plaintiff and the Court to the referenced Notice of Exercise for the contents thereof.

## PARTIES

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations in Paragraph 3 of the Complaint.

## JURISDICTION

4.      Defendant admits the allegations in Paragraph 4 of the Complaint and refers Plaintiff and the Court to the referenced Securities Purchase Agreement and Warrant for the contents thereof.

5. Defendant denies the allegations in Paragraph 5 of the Complaint and refers Plaintiff and the Court to the referenced Securities Purchase Agreement and Warrant for the contents thereof.

## FACTUAL BACKGROUND

**The Warrant**

6. Defendant admits the allegations in Paragraph 6 of the Complaint and refers the Plaintiff and the Court to the referenced Securities Purchase Agreements for the contents thereof.

7. Defendant admits the allegations in Paragraph 7 of the Complaint and refers the Plaintiff and the Court to the referenced Warrant for the contents thereof.

8. In response to the allegations contained in Paragraph 8 of the Complaint, Defendant refers Plaintiff and the Court to the referenced Warrant for the contents thereof.

9. In response to the allegations contained in Paragraph 9 of the Complaint, Defendant refers Plaintiff and the Court to the referenced Warrant for the contents thereof.

10. In response to the allegations contained in Paragraph 10 of the Complaint, Defendant refers Plaintiff and the Court to the referenced Warrant for the contents thereof.

11. In response to the allegations contained in Paragraph 11 of the Complaint, Defendant refers Plaintiff and the Court to the referenced Warrant for the contents thereof.

12. In response to the allegations contained in Paragraph 12 of the Complaint, Defendant refers Plaintiff and the Court to the referenced Warrant for the contents thereof.

13. In response to the allegations contained in Paragraph 13 of the Complaint, Defendant refers Plaintiff and the Court to the referenced Warrant for the contents thereof.

**The Securities Issuance Giving Rise to an Adjustment to the Warrant's Exercise Price**

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint, except admits that it issued securities to JMJ Financial, Inc. during the first three months of 2010.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint, except admits that BME made a cashless exercise of its warrants on August 31, 2011 by delivering its Notice of Exercise to Defendant and refers Plaintiff and the Court to the Notice of Exercise for the contents thereof.

18. Defendant denies the allegations contained in Paragraph 18.

## FIRST CAUSE OF ACTION

19. Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1 through 18 by reference.

20. The allegations contained in Paragraph 20 of the Complaint call for a legal opinion to which no response is required, and Defendant refers Plaintiff and the Court to the Warrant and the Securities Purchase Agreement for the contents thereof.

21. The allegations contained in Paragraph 21 of the Complaint call for a legal opinion to which no response is required, except that Defendant admits that it has not delivered the referenced shares of stock to Plaintiff.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant admits that Paragraph 25 of the Complaint contains Plaintiff's request for relief.

## SECOND CAUSE OF ACTION

26. Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1 through 25 by reference.

27. Defendant admits that Paragraph 27 of the Complaint contains Plaintiff's request for relief.

## THIRD CAUSE OF ACTION

28. Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1 through 27 by reference.

29. The allegations contained in Paragraph 29 of the Complaint call for a legal opinion to which no response is required, except that Defendant admits that it did not provide notice and a calculation of reduction in exercise price to Plaintiff and refers Plaintiff and the Court to the Warrant and the Securities Purchase Agreement for the contents thereof.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant admits that Paragraph 31 of the Complaint contains Plaintiff's request for relief.

## AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, and to each of Plaintiff's alleged causes of action, Defendant, without conceding that it bears the burden of proof as to any of the defenses and without admitting any of the allegations of the Complaint, alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

No conduct allegedly engaged in by Defendant actually or proximately caused Plaintiff any damage.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the agreements between the parties.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensible parties in this action.

Defendant reserves its right to add those affirmative defenses which it deems necessary to its defense during or upon the conclusion of investigation and discovery.

## COUNTERCLAIMS

As and for its Counterclaims against Counterclaim Defendant Black Mountain Equities, Inc. ("BME"), Defendant and Counterclaim Plaintiff, Advanced Cell Technology, Inc. ("Advanced Cell"), by and through its attorneys, Sheppard, Mullin, Richter & Hampton LLP, hereby alleges as follows:

## PARTIES

32. Advanced Cell is a Delaware corporation with principal places of business in Santa Monica, California and Marlborough, Massachusetts.

33. BME is a California corporation with its principal place of business in San Diego, CA 92129.

## JURISDICTION AND VENUE

34. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between citizens of different states.

35. Venue is Proper under 28 U.S.C. § 1391.

## FACTS

36. On November 7, 2011, BME moved this court for preliminary declaratory relief and for a preliminary injunction directing Advanced Cell to immediately deliver at least 18,000,000 shares of its common stock to BME

37. On November 11, 2011, this relief was granted.

38. However, BME's representation to the court that it was entitled to 18,000,000 shares of Advanced Cell common stock was incorrect, as its calculation is based on an incorrect exercise price. The exercise price of the BME Warrant was reduced to $.10 in July of 2009. In addition the effective purchase price per share of $.03, used by BME in its 18,000,000

calculation, is based on an assumption that the anti-dilution provision of BME's Warrant was triggered, which Advanced Cell denies, and is incorrectly calculated.

39. Given the foregoing, BME is entitled only to 1,563,946 shares of Advanced Cell common stock.

40. Moreover, even assuming *arguendo* that the anti-dilution provision of BME's Warrant was triggered, BME would still only be entitled to 7,331,445 shares of common stock.

41. This 7,331,445 share calculation is based upon the difference between the ratcheted warrants (11,331,445), originally 4,000,000 warrants ratcheted from the Warrant purchase price per share of $0.10 to the effective purchase price per share of $0.0353, and the net exercised shares (4,000,000) at an assumed market price of $0.10 per share.

42. The effective purchase price used in this calculation is based on the effective purchase price approved and used by Judge Paul A. Crotty in *Alpha Capital Anstalt v. Advanced Cell Technology, Inc.*, No. 1:11-cv-6458 (PAC) (S.D.N.Y. Oct. 14, 2011) (No. 15).  In addition, an even higher effective purchase price, of $.039, was approved and used by Judge Denise L. Cote in *Cranshire Capital Master Fund, Ltd. v. Advanced Cell Technology, Inc.,* No. 1:11-cv-08755 (DLC) (S.D.N.Y. Dec. 15, 2011).

43. On December 7, 2011, Advanced Cell entered into settlement agreements, based on the same calculation that is laid out above, with 40 other holders of Advanced Cell convertible promissory notes and warrants.

**AS AND FOR A FIRST COUNTERCLAIM**
(Unjust Enrichment)

44. Advanced Cell realleges and incorporates by reference Paragraphs 1 through 43 above.

45. Advanced Cell was ordered to deliver and did deliver 18,000,000 shares of Advanced Cell common stock to BME.

46. Because BME was entitled to at most 7,331,445 shares of Advanced Cell common stock, BME has been unjustly enriched in an amount to be determined at trial

47. Equity and good conscience militate against permitting BME to retain the benefit conferred by Advanced Cell.

48. Consequently, BME should return to Advanced Cell no less than 10,668,555 shares of Advanced Cell common stock.

### AS AND FOR A SECOND COUNTERCLAIM
(Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing)

49. Advanced Cell realleges and incorporates by reference Paragraphs 1 through 48 above.

50. BME holds an Amended and Restated Common Stock Purchase Warrant (the "Warrant") that allows BME to subscribe for and purchase from Advanced Cell up to 4,000,000 shares, subject to adjustment. The Warrant contains an initial Exercise Price of $.10.

51. This Warrant is a valid and binding contract between Advanced Cell and BME.

52. A duty of good faith and fair dealing is implied in every contract and in New York, a breach of the implied duty of good faith and fair dealing, is merely a breach of the underlying contract.

53. BME breached the contract, and its duty of good faith and fair dealing, by employing an adjustment calculation in derogation of the terms of the Warrant.

54. As a direct and proximate result of BME's breach of the contract, Advanced Cell has been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant requests that this Court order the following relief:

(a) That Plaintiff takes nothing by its Complaint.

(b) That the Complaint be dismissed with prejudice.

(c) That Defendant is awarded its costs, including reasonable attorneys' fees.

(d) On the First Counterclaim, an amount to be determined at trial.

(e) On the Second Counterclaim, an amount to be determined at trial.

(f) For such other relief as this Court may deem appropriate.


DATED:  New York, New York
        December 15, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:  /s/ Daniel L. Brown
     Daniel L. Brown (DB 0906)

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 653-8700

*Attorney for Defendant Advanced Cell Technology, Inc.*