UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BLACK MOUNTAIN EQUITIES, INC.,

                              Plaintiff,

-against-

ADVANCED CELL TECHNOLOGY, INC.,

                              Defendant.

11 Civ. 7305 (PAE)

ANSWER TO COUNTERCLAIMS

---

Plaintiff and Counterclaim Defendant Black Mountain Equities, Inc. ("BME"), by its attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP, for its Answer to the Counterclaims asserted by Defendant and Counterclaim Plaintiff Advanced Cell Technology, Inc. ("Advanced Cell") states:

### PARTIES

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Counterclaims.

33.    Admits that BME is a corporation duly organized and existing under the laws of the State of California with its principal place of business in San Diego, CA 92129.

### JURISDICTION AND VENUE

34.    As paragraph 34 consists of legal conclusions, avers that no answer is necessary.

35.    As paragraph 35 consists of legal conclusions, avers that no answer is necessary.

### FACTS

36.    Admits that on November 7, 2011, BME moved this Court by Order to Show Cause for preliminary declaratory relief and for a preliminary injunction directing Advanced Cell to immediately deliver at least 18,000,000 shares of its common stock to BME.

1555847-1

37. Admits that on November 10, 2011, the relief described in paragraph 36 was granted by the Court.

38. Denies the allegations contained in paragraph 38 of the Counterclaims.

39. Denies the allegations contained in paragraph 39 of the Counterclaims, and respectfully refers the Court to the Amended Complaint, Warrant, and Notice of Exercise for their complete terms.

40. Denies the allegations contained in paragraph 40 of the Counterclaims.

41. Denies the allegations contained in paragraph 41 of the Counterclaims.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Counterclaims.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Counterclaims.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Counterclaims.

## FIRST COUNTERCLAIM
(Unjust Enrichment)

45. Repeats its responses in paragraphs 32 through 44 as if fully set forth herein.

46. Admits that Advanced Cell delivered 18,000,000 shares to BME, the proceeds of the sales of which now reside in BME's counsel's escrow account.

47. Denies the allegations contained in paragraph 47 of the Counterclaims, and, to the extent that paragraph 47 of the Counterclaims consists of legal conclusions, avers that no answer is necessary.

48. Denies the allegations contained in paragraph 48 of the Counterclaims, and, to the extent that paragraph 48 of the Counterclaims consists of legal conclusions, avers that no answer is necessary.

49. Denies the allegations contained in paragraph 49 of the Counterclaims, and, to the extent that paragraph 49 of the Counterclaims consists of legal conclusions, avers that no answer is necessary.

## SECOND COUNTERCLAIM
(Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing)

50. Repeats its responses in paragraphs 32 through 49 as if fully set forth herein.

51. Denies the allegations contained in paragraph 51 of the Counterclaims, and respectfully refers the Court to the Amended Complaint, Warrant, and Notice of Exercise for their complete terms.

52. As paragraph 52 consists of legal conclusions, avers that no answer is necessary.

53. As paragraph 53 consists of legal conclusions, avers that no answer is necessary.

54. Denies the allegations contained in paragraph 54 of the Counterclaims, and, to the extent that paragraph 54 of the Counterclaims consists of legal conclusions, avers that no answer is necessary.

55. Denies the allegations contained in paragraph 54 of the Counterclaims, and, to the extent that paragraph 54 of the Counterclaims consists of legal conclusions, avers that no answer is necessary.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaims are barred by documentary proof to the contrary.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by Advanced Cell's own breaches of the Warrant.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by the doctrines of laches, waiver, and/or equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by Advanced Cell's bad faith, fraud, and/or misrepresentation.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaims are barred by the doctrines of release and/or relinquishment.

### EIGHTH AFFIRMATIVE DEFENSE

Advanced Cell is barred from any recovery under the Counterclaims because Advanced Cell's own wrongful conduct was the sole and proximate cause of Advanced Cell's alleged damages, if any.  In the event fault exists on the part of BME, which proximately contributed to Advanced Cell's injuries and/or damages, if any, the amount of recovery, if any, shall be reduced on the basis of defendants' comparative fault and/or wrongful conduct which contributed to any injuries and/or damages upon which Advanced Cell is seeking recovery.

### NINTH AFFIRMATIVE DEFENSE

Advanced Cell's claims are barred, and damages requested by Advanced Cell should be substantially reduced, because defendants have failed to mitigate any alleged damages.

1555847-1

TENTH AFFIRMATIVE DEFENSE

Advanced Cell's claims are barred because the conduct of BME was justified or privileged under the circumstances, in that it did what was reasonably necessary to protect their legitimate business interests.

ELEVENTH AFFIRMATIVE DEFENSE

BME reserves the right to rely on any additional defenses to the claims for relief set forth in the Counterclaims that become available or apparent during discovery proceedings in this action, and respectfully reserve the right to amend this Answer for the purpose of asserting such defenses.

WHEREFORE, it is respectfully submitted that judgment be entered in favor of BME, dismissing with prejudice the causes of action or claims for relief set forth in the Counterclaims in their entirety as against BME, denying the requests of Advanced Cell for relief, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 10, 2012

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

By: /s/ Thomas J. Fleming
Thomas J. Fleming
Jennifer L. Heil
*Attorneys for Plaintiff Black Mountain Enterprises, Inc.*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300
tfleming@olshanlaw.com
jheil@olshanlaw.com

5

1555847-1