### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF NEW YORK

BLACK MOUNTAIN EQUITIES, INC.,

                    Plaintiff,

       -against-

ADVANCED CELL TECHNOLOGY, INC.,

                  Defendant.

Case No.:  11 Civ. 07305 (PAE)

**JOINT APPLICATION FOR APPROVAL OF FAIRNESS AND EXCHANGE PURSUANT TO SECTION 3(A)(10) OF SECURITIES ACT OF 1933, AS AMENDED**

Pursuant to Section 3(a)(10) of the Securities Act of 1933, as amended (the "1933 Act"), 15 U.S.C. § 77c(a)(10), plaintiff Black Mountain Equities, Inc. (the "Plaintiff") and defendant Advanced Cell Technology, Inc. ("ACTI") submit this joint application for (1) a hearing to determine the fairness (including to Plaintiff), both procedurally and substantively, of the terms and conditions of (x) the proposed exchange and transactions contemplated by the Settlement Agreement (as defined below) and (y) the offer and issuance by ACTI of a number of shares of common stock of ACTI defined as New Shares in Section 1(a) of the Settlement Agreement (the "New Shares") to the Plaintiff and the proposed exchange of Plaintiff's claims therefore and (2) an order approving (i) the proposed exchange and transactions contemplated by the Settlement Agreement and the terms and conditions thereof and (ii) the offer and issuance of the New Shares by ACTI to the Plaintiff and the proposed exchange of Plaintiff's claims therefore pursuant to the exemption from registration under Section 3(a)(10) of the 1933 Act.

The hearing has been set for April [___], 2012, at _____ in the Courtroom of the Honorable Judge Engelmayer at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York.

BACKGROUND

Plaintiff and ACTI are parties and/or assignees of a certain Securities Purchase Agreement dated as of March 31, 2008 (the "Securities Purchase Agreement") and an Amended and Restated Common Stock Purchase Warrant (the "Warrant").

The Warrant contains full-ratchet anti-dilution price protection provisions providing for a downward adjustment of its exercise price (together with an upward adjustment to the number of shares issuable upon exercise thereof) in the event of a subsequent equity sale by ACTI at a price lower than the exercise price then in effect.  Plaintiff contends that the securities ACTI issued to JMJ Financial, Inc. in 2010 triggered such anti-dilution provisions in the Warrant, and ACTI disputes such contention.  In addition, ACTI has asserted counterclaims disputing Plaintiff's position that it was entitled to 18,000,000 shares of common stock pursuant to cashless exercise of the Warrant.

The parties have agreed to settle their respective claims on the terms set forth in a Settlement and release agreement dated April 9, 2012 (the "Settlement Agreement"), a true copy of which is attached to this Joint Application as Exhibit A.  Among other provisions, the Settlement Agreement contemplates that ACTI will issue the New Shares in connection with the exchange for the claims of Plaintiff against ACTI.

The parties ask the Court to (i) hold a hearing to determine whether (x) the terms and conditions of the exchange and transactions contemplated by the Settlement Agreement and (y) the offer and issuance of the New Shares by ACTI to the Plaintiff and the proposed exchange of Plaintiff's claims therefore, in each case of clauses (x) and (y), are fair (including to Plaintiff,

2

who is the only party to whom New Shares will be issued), both procedurally and substantively, (ii) determine that (1) the terms and conditions of the exchange and transactions contemplated by the Settlement Agreement and (2) the offer and issuance of the New Shares by ACTI to the Plaintiff and the proposed exchange of Plaintiff's claims therefore, in each case of clauses (1) and (2), are fair (including to Plaintiff, who is the only party to whom New Shares will be issued), both procedurally and substantively, and approve the fairness thereof and (iii) approve (I) the exchange and transactions contemplated by the Settlement Agreement (including the terms thereof) and (II) the offer and issuance of the New Shares by ACTI to the Plaintiff and the proposed exchange of Plaintiff's claims therefore pursuant to the exemption from registration under Section 3(a)(10) of the 1933 Act.  Included with this Joint Application is a proposed order determining and approving the fairness, exchange and issuance, which the parties jointly and respectfully request that the Court enter.

THE TERMS OF THE EXCHANGE<br>ARE FAIR AND SHOULD BE APPROVED

Section 3(a)(10) of the 1933 Act exempts securities from registration when they are "… ***issued in exchange for*** one or more bona fide outstanding securities, ***claims*** or property interests . . . where the terms and conditions of such issuance and exchange are approved, after a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue securities in such exchange shall have the right to appear, by any court . . . ."  15 U.S.C. § 77c(a)(10) (emphasis added).

A.    The Principal Term of the Settlement Agreement

The principal term of the Settlement Agreement is that ACTI will issue the New Shares to Plaintiff in exchange for Plaintiff's release of its claims against ACTI.  In addition, ACTI agrees to release the escrow proceeds from the sale of the 18,000,000 shares of ACTI common

stock issued to Plaintiff by ACTI pursuant to the preliminary injunction order of the Court

entered on November 9, 2011.

> B.      The Exchange Agreement Reflects the Considered Judgment of Sophisticated
>         Parties and Their Counsel Based Upon Arms-Length Negotiation, and the
>         Issuance of Shares in Exchange for the Bona Fide Claims of the Plaintiff Is Fair to
>         the Person to Whom Such Securities Are to be Issued

Plaintiff has bona fide claims against ACTI, including claims that are in addition to the

claims made in this action.  ACTI also has bona fide claims against Plaintiff.  The parties have

engaged in arms-length settlement negotiations (with the participation of their respective

counsel) regarding those bona fide claims.  In light of the pending action, both sides have been

able to weigh the risks of continued litigation and have come to an informed decision regarding

the merits of settlement versus continuing the action.

As a result of those negotiations, Plaintiff and ACTI – both of whom are sophisticated in

the securities industry – have agreed to exchange Plaintiff's claims for the New Shares.  It is the

considered judgment of the parties and their counsel that the Settlement Agreement embodies an

optimal resolution of the bona fide claims Plaintiff has against ACTI and of the bona fide claims

that ACTI has against Plaintiff.

> C.      The Party to Whom Shares Will Be Issued Has Been Given Notice of the Hearing
>         and Believes the Terms of the Exchange To Be Fair

Plaintiff, who is the only party to whom the New Shares will be issued under the

Exchange Agreement, if approved by the Court, has been given notice of the April ___, 2012,

fairness hearing.  Furthermore, Plaintiff has conveyed to counsel its belief that the terms and

conditions of the exchange and transactions contemplated by the Settlement Agreement are fair.

<u>CONCLUSION</u>

For all the foregoing reasons, the parties jointly and respectfully request that the Court

so-order the accompanying proposed Order Approving Fairness, Terms and Conditions of

Exchange and Issuance Pursuant to Section 3(a)(10) of the Securities Act of 1933, as amended.

Dated:  April 13, 2012
      New York, New York

OLSHAN GRUNDMAN FROME        SHEPPARD MULLIN RICHTER &
ROSENZWEIG & WOLOSKY LLP        HAMPTON LLP


By:  /s/ Thomas J. Fleming        By:  /s/ Daniel L. Brown
      Thomas J. Fleming             Daniel L. Brown
      Park Avenue Tower           30 Rockefeller Plaza
      65 East 55th Street            New York, New York  10112
      New York, New York 10022     Tel: +1 212 653-8700

*Counsel for Plaintiff Black Mountain*     *Counsel for Defendant Advanced Cell*
*Equities, Inc.*                       *Technology, Inc.*